UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ABDUL BEYAH,

                              Plaintiff,

   vs.
                                                    9:02-CV-1209
                                                    (LEK/GJD)

COX, et al.

                              Defendants.
_____

JAMES E. REID, ESQ., for Plaintiff
JAMES T. SNYDER, ESQ., for Plaintiff
MARIA MORAN, Assistant Attorney General, for Defendants

## ORDER

      This order supplements this court's order of February 12, 2007 on the issue of *in camera* review of DOCS' records and manuals.

      On February 13, 2007, this court received from the Assistant Attorney General a copy of Sections 7 and 8 of the New York State Department of Correctional Services Employees' Manual. The court has reviewed those sections.

      Section 7 generally concerns employee conduct with respect to the security of the facility. The subsections concern procedures and guidelines with respect to fire detection, alertness, procedures regarding inmate passes, and other safety procedures regarding inmates leaving the facility. This material is irrelevant to the issues in this lawsuit, and can be withheld from discovery if DOCS desires to do so.

      Section 8 concerns the use of physical force including the use of firearms, chemical agents, and batons. It is not entirely clear from the voluminous

correspondence sent to this court whether all the subsections of Section 8, other than Subsection 8.2(d), have been withheld from discovery. In a letter dated November 8, 2006, AAG Moran appears to have transmitted Subsection 8.2a. - c., 8.2e .- g. The only subsection **withheld from 8.2 was Subsection (d)** which concerns positional asphyxiation. That Subsection is not relevant to the issues in this case, and was properly withheld for security reasons.

The other Subsections of Section 8, including Section 8.1, which concerns DOCS' philosophy of discipline and guidelines for discipline, Section 8.3 which concerns chemical agents, Section 8.4 which concerns reports about use of force, and 8.5 which concerns reports about inmate behavior, are not relevant to the issues in this case. It is clear from case law what the proper standards are with respect to the use of force, and the jury charge will instruct the jury on those standards. Argument and/or citation to DOCS' regulations with respect to discipline and procedures for reporting use of force and inmate misbehavior is redundant.

This supplemental order concludes the court's review of *all in camera materials and all discovery issues regarding DOCS' manuals and records*. The clerk is directed to *terminate any letter motions which are outstanding in this case on the issues of discovery*.

Dated: March 5, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge